**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| K.G.G., a minor, by his Mother and next friend, | ) | |
| Hilda Gonzalez-Gutierrez, Hilda Gonzalez-Gutierrez, | ) | |
| individually, and Jose Gutierrez, individually, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:23-cv-01165 |
| | ) | |
| United States of America, Silver Cross Hospital and | ) | |
| Medical Centers, an Illinois corporation, Jeffrey | ) | |
| Williams, DO, individually, Gamilah Pierre, M.D., | ) | |
| individually, and Partners in Obstetrics and Women's | ) | |
| Health, P.C., an Illinois corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SILVER CROSS HOSPITAL AND MEDICAL CENTERS'**
**FRCP RULE 12(b)(6) MOTION TO DISMISS UNSUPPORTED VICARIOUS**
**LIABILITY CLAIMS FROM PLAINTIFFS' AMENDED COMPLAINT**

NOW COMES the Defendant, SILVER CROSS HOSPITAL AND MEDICAL CENTERS (hereinafter "Silver Cross Hospital" or "the Hospital"), by and through its attorneys, CRAY HUBER HORSTMAN HEIL & VANAUSDAL LLC, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Section 5/2-622 of the Illinois Code of Civil Procedure, moves to dismiss from the Plaintiffs' Amended Complaint any vicarious liability claims against Silver Cross Hospital for the alleged negligent conduct of "employees and/or apparent or actual agents," other than the alleged vicarious liability of Defendant Dr. Gamilah Pierre.  In support of its Motion, this Defendant states as follows:

**I.   PROCEDURAL HISTORY**

1.      On February 24, 2023, the minor Plaintiff, K.G.G., by his Mother and next friend, Hilda Gonzalez-Gutierrez (hereinafter "Ms. Gonzalez-Gutierrez"), filed an alleged medical malpractice action against several Defendants arising out of prenatal care and an alleged breech delivery that occurred in the State of Illinois.  1:23-cv-01165, *Docket* #1.  Derivative actions under the Illinois

Family Expense Act, 750 ILCS 65/15, were also alleged by Hilda Gonzalez-Gutierrez and Jose Gutierrez as individual Plaintiffs. *Id*.

2.     On February 24, 2023, Plaintiffs attached an affidavit from their attorney to the original Complaint, which stated that their attorney was unable to timely obtain the written report of a qualified physician to certify the Plaintiffs' medical malpractice action against the Defendants, which is required by Section 5/2-622 of the Illinois Code of Civil Procedure. 1:23-cv-01165, *Docket #1*, at Ex. A. *See also*, *735 ILCS 5/2-622.*

3.     On April 6, 2023, the Plaintiffs filed an Amended Complaint, which was substantively identical to the original Complaint, but now also included the written report of an anonymous physician (hereinafter "Section 5/2-622 report") to purportedly certify the Plaintiffs' medical malpractice action against each of the Defendants pursuant to Section 5/2-622 of the Illinois Code of Civil Procedure. *Docket #5* at Ex. B.   On May 10, 2023, this Defendant was served with process.

4.     Counts I, II and III of the Amended Complaint are directed against the Defendants United States of America and Jeffrey Williams, D.O., and are related to prenatal care provided to Ms. Gonzalez-Gutierrez at Will County Community Health Center, a federally qualified health center. *Docket #5* at Counts I, II, III.

5.     Counts IV, V and VI of the Amended Complaint are directed against this Defendant, Silver Cross Hospital, as well as the Defendants Gamilah Pierre, M.D. (hereinafter "Dr. Pierre") and Partners in Obstetrics and Women's Health, P.C., and are related to an alleged breech delivery of the minor Plaintiff, which was allegedly performed by Dr. Pierre at Silver Cross Hospital on December 22, 2019, within 15 minutes of the admission. *Docket #5* at Counts IV, V and VI.

6.     Under Illinois law, a plaintiff in a medical malpractice cause of action a plaintiff must generally plead the standard of care applicable to the providers in the case, a breach of the standard

of care, proximate causation and injury. *Borowski v. Von Solbrig*, 60 Ill.2d 418 (1975); *Walski v. Tiesenga*, 72 Ill.2d 249 (1978). In a medical malpractice case, the burden is on the Plaintiff to prove the following elements of a cause of action: the proper standard of care against which the Defendant's conduct is measured; an unskilled or negligent failure to comply with the applicable standard; and a resulting injury proximately caused by the Defendant's want of skill or care. *Purtill v. Hess*, 111 Ill.2d 229 (1986).

7.      Counts IV, V and VI of the Amended Complaint contain a single allegation of duty, alleging that "Defendant Williams [sic] had the duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonable careful physicians under the same or similar circumstances." *Docket #5* at Count IV, ¶ 17. While likely a typographical error, the only duty alleged in the Amended Complaint in Counts IV, V and VI is a duty of a reasonably careful physician.

8.      However, with respect to Silver Cross Hospital, the Plaintiffs have asserted a vicarious liability claim against the Hospital for the alleged negligent conduct of the Defendant, Dr. Pierre, <u>as well as other unidentified healthcare providers</u>. Specifically, the Plaintiffs allege as follows:

> "On December 22, 2019, Silver Cross, by and through its employees and/or apparent or actual agents, which included Defendant Pierre, and Defendant Pierre individually, were professionally negligent in the following ways:
>
> a.   Failed to order a state ultrasound when fetal presentation was undetermined, which would have more likely than not revealed the fetus was in breech position.
>
> b.   Failed to transport Plaintiff Gonzalez-Gutierrez to the operating room to perform a cesarean section when it was determined that the fetus was in breech position; and
>
> c.   Delivered the fetus vaginally when not safe to do so."

*Docket #5* at Count IV ¶ 18. Although the Plaintiffs expressly included "Dr. Pierre" as one of the Hospital's alleged agents, their unrestricted claim against the Hospital is not limited to this physician.

Rather, the open-ended language utilized by the Plaintiffs in their Amended Complaint broadly expands the scope of their vicarious liability claim against the Hospital to all of its "employees and/or apparent or actual agents." *Id*.

9. Unlike the Amended Complaint, which broadly extends the Plaintiffs' vicarious liability claim to all potential agents of the Hospital, the attached Section 5/2-622 report effectively limits that claim to the alleged negligent conduct of the Defendant, Dr. Pierre, *only*. In pertinent part, the reviewing physician wrote as follows:

> "On December 22, 2019, upon arrival at Silver Cross Hospital, once fetal presentation was undetermined by the nurses, the standard of care required that a stat ultrasound be performed. An ultrasound machine should have been readily available and would have more likely than not revealed that the fetus was in breech position. At that point, **the standard of care required that Dr. Pierre** bring her patient to the operating room by a cesarean section."

*Id (emphasis added)*. As referenced above, the Section 5/2-622 report does not state that any alleged agent of the Hospital, other than Dr. Pierre, deviated from the applicable standard of care in this case. To the contrary, the Section 5/2-622 report explicitly limits the finding of an alleged deviation from the standard of care to Dr. Pierre only. Accordingly, on its face, the Section 5/2-622 report fails to certify the Plaintiffs' cause of action against the Hospital for the alleged negligent conduct of any other "employees and/or apparent or actual agents" beyond Dr. Pierre.

## II. STATEMENT OF LAW

10. To minimize frivolous malpractice suits, Illinois law requires the plaintiff to file a physician's certificate of merit and accompanying report with every malpractice complaint. *Sherrod v. Lingle*, 223 F.3d 605, 614 (2000). The present litigation was filed in Federal Court pursuant to the Federal Tort Claims Act, which is governed by the substantive law of the place where the alleged negligent acts or omissions occurred. *See*, 28 U.S.C. § 1346 (b). The Seventh Circuit has ruled that Section 5/2-622 is a substantive law, and therefore, the requirements of this Illinois statute must be

4

complied with by the Plaintiffs to state a medical malpractice action against the Hospital in this case. *See*, *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014). *See also*, *Sherrod*, 223 F.3d 605.

11.     Section 5/2-622 of the Illinois Code of Civil Procedure sets forth the specific pleading requirements that a plaintiff must follow when filing a complaint alleging healing art malpractice against a hospital. *Giegoldt v. Condell Medical Center*, 328 Ill.App.3d 907, 910 (2nd Dist. 2002). A written report submitted pursuant to Section 5/2-622 must clearly identify the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for filing the action exists. *Premo v. Falcone*, 197 Ill.App.3d 625, 631 (2nd Dist. 1990). A report fails to comply with Section 5/2-622 if it does not clearly define the applicable standard of care or how the defendant failed to meet the standard. *Giegoldt*, 328 Ill.App.3d at 913. A Section 5/2-622 report must specifically discuss the involvement of each defendant and must consist of more than generalized conclusions of malpractice. *Giegoldt*, 328 Ill.App.3d at 912, citing *Jacobs v. Rush North Shore Medical Center*, 284 Ill.App.3d 995, 1000 (1st Dist. 1996). In addition, a Section 5/2-622 report filed against a hospital under a theory of vicarious liability must discuss the deficiencies in the medical care rendered by each of the hospital's alleged agents, even if unidentified by name in the pleading. *See*, *Cammon v. West Suburban Hosp. Medical Center*, 301 Ill.App.3d 939, 949 (1st Dist. 1998)

### III. ARGUMENT

12.     In the present case, the vicarious liability claim asserted against the Hospital in the Plaintiffs' Amended Complaint is unlimited in scope and could potentially encompass every potential employee or alleged agent of the Hospital who was present at the time of the admission at issue. Indeed, the Plaintiffs have broadly alleged that the Hospital acted negligently "by and through its employees and/or apparent or actual agents, which included Defendant Pierre." *Docket* #5 (Am. Compl.) at

Count IV ¶ 18. Consequently, the unlimited allegations against the Hospital could encompass multiple fields of healthcare, each of which operate under a different standard of care. The potential health care providers at issue could possibly include nurses, radiology technicians, obstetricians, emergency personnel, anesthesiologists, radiologists, surgeons or other physicians. Without further specification in the Amended Complaint, the Hospital is unable to discern which health care providers (other than Dr. Pierre) will be targeted by the Plaintiffs, or which experts will be necessary to retain to prepare an adequate defense to such an ambiguous claim. The vague reference to unspecified "employees and/or apparent or actual agents" is meaningless and fails to adequately notify the Hospital of the nature of the claims asserted against it. Accordingly, any vicarious liability claims asserted against the Hospital as to any alleged employee or agent (other than Dr. Pierre) should be dismissed from the Amended Complaint.

13.    Even if such a catch-all negligence claim were found to be marginally sufficient under the notice pleading standard in Federal Court, it still must fail under Illinois substantive law if unsupported by a corresponding Section 5/2-622 report. Under Section 5/2-622, the Plaintiffs were required to submit the report of a qualified physician to certify their action against the Hospital for each of its alleged agents at issue in this case. *735 ILCS 5/2-622*. However, the Section 5/2-622 report submitted by the Plaintiffs *only* certifies a potential cause of action against the Hospital for the alleged negligent conduct of the Defendant, Dr. Pierre. *Docket* #5 (Am. Compl.) at Ex. B. In all likelihood, this omission from the Section 5/2-622 was intentional, as the allegations of negligence in the Amended Complaint seem to only apply to Dr. Pierre as the delivering physician, despite the open-ended phrasing of the claim. However, even if the Plaintiffs only intend to pursue their claim against the Hospital as to Dr. Pierre, the Amended Complaint cannot remain open-ended without a supporting Section 5/2-622 report as to each potential agent at issue.

6

14.     In an analogous case, *Cammon v. West Suburban Hospital Medical Center*, 301 Ill.App.3d 939, 949 (1st Dist. 1998), a plaintiff initially asserted a vicarious liability claim against a hospital for the alleged negligence of three physicians.  The original Section 5/2-622 report submitted by the plaintiff identified each of those three physicians and contained reasons in support of the conclusion that a reasonable and meritorious cause existed for filing an action against the hospital for their conduct.  *Id*.  The plaintiff subsequently dismissed the claims against the hospital for those three physicians and filed an amended complaint, which now alleged that the hospital was vicariously liable for the claimed negligence of unnamed nurses, residents, medical technicians, anesthesiologists and other health care professionals.  *Id*.  However, the plaintiff did not file an amended Section 5/2-622 report to address each new category of health care provider. *Id.*  The appellate court affirmed the trial court's dismissal of those new claims based upon the plaintiff's failure to comply with Section 5/2-622.  *Id*.  The Court held that a Section 5/2-622 report had to be filed as to each of the individuals whose conduct formed the basis of the hospital's alleged vicarious liability.  *Id*. at 948.

15.     As the Court ruled in *Cammon*, the Section 5/2-622 report submitted by the Plaintiffs in the instant case is inadequate and fails to overtly criticize the conduct of any nurses or other unidentified health care providers, all of whom are encompassed by the Plaintiffs' open-ended claims against the Hospital.  At best, a plain reading of the Plaintiffs' Section 5/2-622 report could *only* be interpreted to support a potential vicarious liability claim against the Hospital for the alleged conduct of the Defendant, Dr. Pierre.  Indeed, the Section 5/2-622 report only contains one paragraph that specifically addresses the alleged standard of care deviations that purportedly occurred at Silver Cross Hospital.  *Docket* #5 (Am. Compl.) at Ex. B.  In that paragraph, the reviewing physician explicitly opines that "the standard of care required that Dr. Pierre bring her patient to the operating

room to deliver by cesarean section." *Id*. Clearly, this criticism is solely directed against Dr. Pierre and not against any other potential agents of the Hospital. Whether constrained by the sole allegation of duty being that of a physician or the sole claim of a deviation from a standard of care in the Section 5/2-622 report, the Amended Complaint states a cause of action for vicarious liability limited to physician conduct and Dr. Pierre specifically.

16.     In that same paragraph, the reviewing physician also vaguely concludes that "the standard of care required that a stat ultrasound be performed," without specifying which health care provider is being addressed by this criticism. *Id*. Nevertheless, *only* a physician is able to order an ultrasound, and therefore, this criticism is presumably directed against a physician, since it cannot reasonably be targeted against any nurses or technicians. *See*, *Nursing and Advanced Practice Nursing Act*, 225 ILCS 65/5-1, and *Medical Practice* Act of 1987, 225 ILCS 60/1. Given that Dr. Pierre is the only physician identified as the Hospital's alleged agent in the Amended Complaint, it must be presumed this criticism is solely directed against Dr. Pierre. However, the Hospital is not required to speculate as to which providers this purported criticism could be directed against. Rather, Section 5/2-622 requires a reviewing physician to clearly identify in their report which providers are responsible for the specific care at issue. *See*, *Mueller v. North Suburban Clinic, Ltd.*, 299 Ill.App.3d 568, 577 (1st Dist. 1998)(holding that a conclusory report created confusion as to the involvement of the providers at issue, and therefore, was insufficient to satisfy the requirements of Section 5/2-622). Accordingly, this vague and generalized conclusion of malpractice is inadequate and fails to support any claims against the Hospital for the allegedly negligent conduct of any physicians, nurses or other unidentified health care providers.

17.     The requirements of Section 5/2-622 are neither complex nor unduly onerous. *Giegoldt*, 328 Ill.App.3d at 914. The Plaintiffs drafted an open-ended pleading, and consequently,

8

were required to submit a Section 5/2-622 report that clearly addressed each of the Hospital's alleged agents at issue in the Amended Complaint.  However, as outlined above, the Section 5/2-622 report submitted by the Plaintiffs against the Hospital only addresses the alleged negligence of the Defendant, Dr. Pierre.  To the extent that the Plaintiffs are seeking recovery against the Hospital for the alleged negligent conduct of any "employees and/or apparent or actual agents" other than Dr. Pierre, those claims are impermissibly vague, wholly unsupported, and at a minimum, must be dismissed for the failure to comply with the requirements of Section 5/2-622.

WHEREFORE, the Defendant, SILVER CROSS HOSPITAL AND MEDICAL CENTERS, requests that this Court enter an Order, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Section 5/2-622 of the Illinois Code of Civil Procedure, to dismiss the Plaintiffs' vicarious liability claim against this Defendant for the alleged negligent conduct of any "employees and/or apparent or actual agents" other than alleged as to the Defendant, Dr. Pierre.  This Defendant further requests such other relief in this Defendant's favor as the Court shall deem fair and just.

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL &
VANAUSDAL LLC

By: _____/s/  James M. Bream_____
One of the Attorneys for Defendant, Silver
Cross Hospital

James M. Bream
Shannon E. Holbrook
CRAY HUBER HORSTMAN HEIL & VANAUSDAL LLC
303 W. Madison Street, Suite 2200
Chicago, Illinois 60606
(312) 322-8450
jmb@crayhuber.com
seh@crayhuber.com

9